[Crim. No. 1351. First Appellate District, Division Two.—May 10, 1927.]

## THE PEOPLE, Respondent, v. ANGELO GIACOBBI, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—ALIBI—EVIDENCE—APPEAL.—In this prosecution for the crime of assault with a deadly weapon, the determination by the jury of the issue presented by the defense of alibi is binding upon appeal, where the defendant was positively identified by two police officers as the one committing the assault.

[2] ID.—SELF-DEFENSE—ARREST—EVIDENCE.—In such prosecution, the police officers had the right to question defendant and his companion, where the two men apparently were vagrants as defined by subdivision 6 of section 647 of the Penal Code and the companion was in the act of committing a felony when questioned, not only by the possession of a club, but of a loaded pistol found afterward, and such circumstances furnished sufficient cause to arrest the companion under subdivision 1 or 5 of section 836 of the Penal Code; but even assuming that the defendant was justified in believing that he was about to be arrested and that one of the officers was not warranted in making an arrest, the defendant's conduct in either drawing, pointing, or discharging his pistol at the officer was unjustified, there being no reason for him to believe the officer intended to injure him physically.

[3] ID.—ALIBI—INSTRUCTIONS.—In such prosecution, the trial court committed no error in instructing the jury on the subject of alibi

---

2. The law of self-defense, note, 74 Am. St. Rep. 717. See, also, 3 Cal. Jur. 208; 13 Cal. Jur. 639; 13 R. C. L. 816. Right of self-defense of person not in lawful pursuit of business, note, 9 Ann. Cas. 1134. See, also, 13 R. C. L. 811.

as follows: "All the evidence should be carefully considered by you, and if the evidence on this subject, considered with all other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant, you should acquit him. The accused is not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of evidence. It is sufficient to justify an acquittal if the evidence on that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed. And you will understand also that the attempt of the accused to prove an alibi does not shift the burden of proof from the prosecution, but that the prosecution is bound to prove his presence beyond a reasonable doubt."

(1) 17 C. J., p. 270, n. 17.    (2) 5 C. J., p. 399, n. 78, p. 750, n. 74. (3) 16 C. J., p. 977, n. 53.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Defendant appeals from an order denying a new trial and from a judgment of conviction of the crime of assault with a deadly weapon. The defense at the trial was an alibi, but upon this appeal it is contended that the evidence shows justification or self-defense.

The evidence showed the following facts: Two police officers of San Francisco, after 11 o'clock at night-time, noticed the defendant and a companion named Hale standing together at the corner of Montgomery and Broadway Streets. As the officers approached the two men separated, the defendant stepping back a few paces from the curb to the building line. The officers came to Hale first, announced

3. Burden of proof and sufficiency of evidence of alibi, notes, 8 Ann. Cas. 1189; 41 L. R. A. 530; 29 A. L. R. 1127. See, also, 8 Cal. Jur. 186; 8 R. C. L. 224

themselves as police officers, and asked him where he lived. He did not answer. One of the officers, Gallatin, then searched him and found a large club under the waistband of his trousers. Subsequently Hale was taken to police headquarters and a further search disclosed a pistol and a piece of wire arranged with a slip knot upon his person. Upon a plea of guilty he was sent to San Quentin for violating the Firearms Act (Stats. 1923, chap. 339). After Officer Gallatin took from Hale the club he put Hale in charge of Officer Lillis and approached the defendant. As he did so defendant drew a pistol and commanded Gallatin to put up his hands. The officer, instead of doing so, reached for his own pistol, whereupon defendant fired three shots at him, which did not take effect, and then turned and ran. By that time Gallatin had drawn his pistol and started to fire, but the defendant escaped. Gallatin stated that he thought one of his bullets struck, as he saw the fugitive throw up his arm.

Subsequently the two officers identified the defendant in a "line up" at police headquarters and this prosecution followed. Defendant had peculiar scars upon his chest which the city physician testified in his opinion marked the entrance and exit of a bullet. Other witnesses and the defendant testified contrary. The jury found the defendant guilty despite his defense of alibi. [1] The determination by the jury of this issue is binding upon this appeal in view of the positive identification of the defendant by the two officers.

[2] The appellant urges on this appeal that the evidence shows justification or self-defense. This defense was not put forward at the trial either by evidence or instructions requested. The evidence shows the appellant drew and pointed his pistol in anticipation of what he thought the officer approaching him intended to do. The officers had the right to question these men under the circumstances. The two men apparently were vagrants as defined in the Penal Code, section 647, subdivision 6. Hale, as it turned out, was in the act of committing a felony when questioned, not only by the possession of the club, but of the loaded pistol found afterward. These circumstances furnished sufficient cause to arrest his companion under subdivision 1 or 5 of Penal Code, section 836. But, even assuming that the

defendant was justified in believing he was about to be arrested and that the officer was not warranted in making an arrest, the defendant's conduct in either drawing, pointing, or discharging his pistol at the officer was unjustified, there being no reason for him to believe the officer intended to injure him physically. (*People* v. *Dallen,* 21 Cal. App. 770, 775 [132 Pac. 1064]; 5 Cor. Jur. 750, sec. 237.)

[3] The court committed no error in instructing the jury on the subject of alibi as follows: ''All the evidence should be carefully considered by you, and if the evidence on this subject, considered with all other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant, you should acquit him. The accused is not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of evidence. It is sufficient to justify an acquittal if the evidence on that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed. And you will understand also, that the attempt of the accused to prove an alibi does not shift the burden of proof from the prosecution, but that the prosecution is bound to prove his presence beyond a reasonable doubt.'' In claiming that it is not necessary that the defense of alibi should be sufficient to raise a reasonable doubt, appellant does not suggest any less onerous degree of proof necessary, but as we understand his contention, it is that this instruction had the effect of reducing in some way the burden of proof resting upon the prosecution of proving the presence of the accused beyond a reasonable doubt. We see no merit in this contention and, furthermore, it will be noticed that the last sentence in the instruction expressly states that the attempt to prove an alibi does not shift the burden of proof from the prosecution.

The judgment and order appealed from are affirmed.

Nourse, J., and Sturtevant, J., concurred.