[Crim. No. 336.   Fourth Appellate District.—November 20, 1936.]

THE PEOPLE, Respondent, v. SEVERO ORNELAS, Appellant.

J. R. LeGallez for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of assault by means of force likely to produce great bodily injury, alleged to have been committed by striking one M. A. Patterson about the head and body with an iron bar. The jury found him guilty and he appeals from the judgment of conviction and from an order denying his motion for a new trial.

The case arose out of acts occurring in an orange grove in Orange County at a time when a strike was in progress. Patterson testified that he was in charge of the packing house for an orange association; that on the day in question he was

acting as a guard while a crew from the packing house was picking oranges on a certain ranch; that several cars drove up and a large group of men entered the grove; that as the men approached him he fired two shots in the air and the remaining four shots into the ground; that five or six of the men in the party were approaching him from various directions; that they were armed with sticks, clubs and irons; that he directed them not to come any further; that they kept on coming and he hit two of them over the head with his empty revolver; that immediately thereafter he turned his head and saw the defendant swinging at him with an iron bar; that this was the first he had "noticed particularly this gentleman"; that he was then hit over the head and became unconscious; and that "I recognized the defendant as he swung and hit me over the head." On cross-examination he testified "I didn't recognize, but I remembered him from the time he hit me."

It is first contended that the evidence is not sufficient to establish the identity of the appellant as the one who assaulted Patterson. It is argued that Patterson's identification cannot be accepted because he had but a fleeting glance of his assailant at a time when he was beset by several men, and because his testimony is unworthy of belief since he testified that the appellant was brought to his room in the hospital "some nine or ten days after" the day he was injured, whereas other witnesses testified that this occurred five days after that time. Patterson testified positively that the appellant was the man who struck him with the iron bar. The jury had a right to, and did, believe his testimony, and the same is amply sufficient to sustain the implied finding.

An instruction was given on flight in the language of section 1127c of the Penal Code, and this is assigned as prejudicial error. We agree with the appellant's statement that "there is not a line or word of testimony in the record that could by any stretch of the imagination be construed as showing or even indicating any flight or attempt at flight on the part of defendant", and with his contention that the instruction should not have been given. However, there being no evidence of flight, the instruction could not have misled the jury and we are unable to see how it was prejudicial. The appellant was positively identified as the man

who struck the blow and it cannot reasonably be supposed that the verdict would have been different had the instruction not been given. After reading the entire record we are not convinced that a miscarriage of justice has occurred, and the error is not sufficient to justify a reversal in view of section 4½ of article VI of the Constitution.

It is next contended that the court erred in denying a motion to strike out the testimony of a physician relating to various injuries sustained by Patterson. The doctor testified that Patterson had a laceration across his forehead an inch and a half long and going down to the skull bone, and that he had another laceration two and one-half inches long on the left side of his head which was "deep.down to the skull bone". He further testified to other injuries, including an injury to his collar bone, bruises on his back and his ankle, a cut to the bone on one finger, a broken leg and "other minor bruises over different parts of the body". On cross-examination the doctor testified, in response to questions, that a blow on the head would not cause the finger injury, would not cause a broken ankle and would not cause a wound on the man's shin, that either one of the blows on the head could have caused the mental disturbance about which he had testified, and that he was unable to say which of the two blows on the head actually caused the mental disturbance. Thereupon appellant's counsel moved to strike out all of his testimony "except as it relates to one blow on the head, and as the witness has been unable to state which blow it was, then I respectfully move that his entire testimony be stricken for that reason, because he doesn't know the cause of the injuries which he testified to". It is argued that the evidence of the effect of one blow on the head was sufficient to establish that phase of the crime and that evidence of other injuries was unnecessary and could have been introduced only for the purpose of creating prejudice in the minds of the jurors. No authorities are cited in support of this contention and we are unable to see any good reason why, in cases of this nature, the condition in which the victim was found immediately after the occurrence should not properly be admitted. Such facts are a part of the *res gestae,* and have an effect on the question of whether the means used were of a kind likely to produce great bodily injury. The prosecution is certainly not required to pick out the exact point at which

the evidence becomes barely sufficient for this purpose, and rely on this alone. There is ample evidence that Patterson was rendered unconscious by a blow from an iron bar wielded by the appellant and, if we assume that the other wounds were thereafter inflicted upon him by others, it was not incumbent upon the prosecution to prove which particular injury was the result of the original blow.

The last point raised is that the district attorney was guilty of prejudicial misconduct in attempting to introduce into evidence a club which was found under the bed occupied by the appellant. The court sustained an objection to the introduction of this object and instructed the jury to disregard all evidence in connection therewith. The appellant contends that the district attorney well knew that the proposed exhibit was not admissible and that he offered it in bad faith for the sole purpose of prejudicing the jury. The record does not sustain this contention and indicates that the evidence was offered under a serious claim that it was admissible. The rights of the appellant were fully protected by the court's ruling and instruction.

The judgment and order are affirmed.

Marks, J., and Jennings, J., concurred.