[Crim. No. 2938.  Second Appellate District, Division Two.—March 31, 1937.]

THE PEOPLE, Respondent, v. A. H. JAMES, Appellant.

E. Neal Ames for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury on (a) two counts of robbery in the second degree and (b) assault with a deadly weapon. The jury found that defendant was armed at the time of the commission of the robbery. The appeal is from the judgments and sentence pronounced thereon.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

April 29, 1936, defendant and two companions went to the home of Mr. Griffin and, after receiving no response to their summons, broke into his home and destroyed the furniture. While they were ransacking Mr. Griffin's home, two police officers entered the house, whereupon defendant and his two companions forced them to put their hands up and took the guns from each of the officers. They then compelled the two police officers to lie face down on the floor, tied their hands behind their backs, during which process defendant continu-

ally prodded them with a gun and threatened to blow out their brains. Thereafter defendant with his companions left the house and subsequently defendant returned to the police officer the gun which he had taken from him.

Defendant relies for reversal of the judgment upon the following propositions:

*First: There is no substantial evidence to sustain the judgment of guilty of robbery in the second degree, because (a) the personal property taken from the police officer was returned to him by defendant, and (b) the verdict of the jury finding defendant guilty of robbery in the second degree is inconsistent with their finding that he was armed at the time of the commission of the offense.*

*Second: As to the judgment of guilty of assault with a deadly weapon, there is no substantial evidence to sustain the finding that defendant was armed with a deadly weapon.*

■ The first reason set forth in paragraph (a) of defendant's first proposition is untenable. The law is settled that the voluntary return of personal property feloniously taken from another will not purge the wrongful act of its criminality and prevent a conviction of robbery. (*People* v. *Anderson,* 59 Cal. App. 408, 428 [211 Pac. 254]; *People* v. *Strauss,* 75 Cal. App. 447, 456 [243 Pac. 67]; *People* v. *Beal,* 3 Cal. App. (2d) 251, 253 [39 Pac. (2d) 504].)

■ The reason set forth in paragraph (b) of defendant's first proposition is also invalid, since the alleged error, if any, resulted favorably to defendant. The rule is that defendant cannot complain where the determination of his case is more favorable to him than the evidence warrants. (Pen. Code, sec. 1258; *People* v. *Tugwell,* 32 Cal. App. 520, 529 [163 Pac. 508]; *People* v. *O'Neal,* 2 Cal. App. (2d) 551, 562 [38 Pac. (2d) 430].)

■ The second proposition urged by defendant cannot be sustained. An examination of the record discloses there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the verdict of guilty of assault with a deadly weapon was necessarily predicated. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242 245 [128 Pac. 399].) ■ The point urged by defendant

that, since the jury found defendant guilty of robbery in the second degree and therefore unarmed, he could not have been guilty of assault with a deadly weapon, is fully answered by the testimony of the police officers that after the robbery was committed defendant continually prodded them with one of their guns and threatened to blow out their brains. The two verdicts are therefore consistent, since the jury may have believed that defendant was not armed at the time of the robbery, but that by the very act of robbery he armed himself, and thereafter committed the assault with a deadly weapon.

For the foregoing reasons the judgments and sentences are and each is affirmed.

Crail, P. J., and Wood, J., concurred.