[Crim. No. 432. Fourth Appellate District.—March 31, 1938.]

THE PEOPLE, Respondent, v. JUANITA MILLER, Appellant.

Edgar G. Langford for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant, having been convicted of the crime of assault with a deadly weapon, has appealed from the judgment and from an order denying a motion for a new trial.

Briefly stated, the general facts are as follows: On the evening of September 26, 1937, the appellant was riding from San Ysidro to San Diego in an automobile driven by a man named. Boyd, whom she claims to have first met on that day. Near the southern edge of San Diego they were stopped by a police officer who had received instructions to pick up this particular car and bring it and the occupants to the San Diego police station. After some conversation the officer got in the rear seat of the automobile and told Boyd to drive to the police station. After they had proceeded a short distance Boyd pointed an automatic over his right shoulder and shot the officer, the bullet going through his elbow. Believing he was going to shoot again the officer grabbed the gun. In trying to retain possession of the gun Boyd took his hand from the steering wheel and turned around with his knees on the seat, and at the same time the appellant reached over and took the wheel and then slid over and drove the car herself. The officer let go of the gun to reach for his club and Boyd hit him over the head with the automatic and knocked him unconscious.

When the officer regained consciousness Boyd was in the back seat with the gun poked in the officer's ribs, and the appellant was driving the car. They started for the country going around the business district of San Diego and several times on the way Boyd told the officer he was going to kill him to prevent his telephoning and setting officers upon the chase. The officer was bleeding badly and suffering considerably. After they had gone a considerable distance the car was stopped. Boyd made the officer get out and get into the front seat and he also got in the front seat and took the wheel. The appellant got in the back seat and Boyd

handed her the officer's gun, which he had taken from him and which was fully loaded. The appellant kept this gun pointed at the officer as they proceeded. After driving for some distance in this manner Boyd drove into an open field and stopped. Just before they stopped Boyd and the appellant were talking about getting rid of the car in which they were riding because it was "hot" and that they would have to hold up someone to get another car. When they stopped, Boyd told the officer to get out and he and the appellant drove away.

 It is first contended that the evidence is insufficient to sustain the judgment. It is argued that the shooting of the officer was the independent act of Boyd alone, that the shot was fired so suddenly that neither the officer nor the appellant had an opportunity to prevent it, that the offense was fully consummated before the appellant committed any act which might be said to have had any tendency to aid Boyd and that there is, therefore, no evidence to show that she had any part in committing this offense. Aside from other considerations this argument disregards what occurred after the officer was shot. After this occurred the car was driven in a different direction, the officer was kept covered with the gun and repeated threats to kill him were made. After one of the stops the appellant got into the rear seat of the automobile, pointed the loaded gun at the officer and kept him covered until he was finally let out of the car. Irrespective of what happened before there can be no question, under this and other evidence which need not be referred to, that the appellant committed the offense with which she was charged and that the evidence is sufficient to sustain the judgment. (*People* v. *James*, 20 Cal. App. (2d) 88 [66 Pac. (2d) 461]; *People* v. *Wells*, 145 Cal. 138 [78 Pac. 470].)

 It is next urged that the court erred in refusing to give four instructions asked for by the appellant, the effect of which was to tell the jury that one wrongfully arrested without a warrant may resist and use any and all reasonable means to free himself, based upon the facts as they reasonably appear to him. It is argued that the officer was not justified in making this arrest since he had no warrant, since he did not know that a felony had been committed, and since no misdemeanor had been committed in his presence. If it be assumed that an arrest was here made and that this officer

was not warranted in making such arrest, the fact remains that neither the appellant nor Boyd resisted the arrest at the time it was made. When he told them to go to the police station they started out in apparent acquiescence. Even on the presumption that some resistance was justified there is no evidence which would justify the shooting of the officer. (*People* v. *Giacobbi*, 83 Cal. App. 12 [256 Pac. 299].) Up to the time of the shooting there was no reasonable ground for Boyd to believe that the officer intended to do physical injury either to him or to the appellant. After he was shot the officer was knocked unconscious, was disarmed and was put out of the car. He was then not only in no condition to do them any harm but was making no attempt to do so. But the appellant and her companion then went further, compelling the officer to accompany them against his will and committing a further assault. When the appellant committed that assault she was not resisting an unlawful arrest and no facts appear in that connection which would justify a jury in finding that she was then properly using this deadly weapon. Under the circumstances shown by the record there was no error in refusing to give these instructions.

The judgment and order appealed from are affirmed.

Marks, J., and Jennings, J., concurred.