[Crim. No. 3820. Second Dist. Div. Two. Oct. 5, 1944.]

THE PEOPLE, Respondent, v. ANTON SCHMIDT, Appellant.

Fred A. Shaeffer for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Lawrence W. Parma, District Attor-

ney, and Thomas P. Weldon and David S. Licker, Deputies District Attorney, for Respondent.

MOORE, P. J.—Appellant was accused of two crimes, to wit: count 1, assault upon the person of one Mrs. Jane Bryan by choking her with his hands and by striking and beating her neck and head with his fists, all with such force as was likely to, and did, produce the great bodily injury of that lady (Pen. Code, § 245); count 2, assault upon Mrs. Bryan with intent then and there to commit rape by force and violence (Pen. Code, § 220). The court directed an acquittal on count 2, but under appropriate instructions the jury convicted appellant of the crime of assault by means of force likely to produce great bodily injury. Although his appeal is from the order denying a new trial as well as from the judgment, we find no motion for a new trial to have been made. The solitary issue is whether the evidence is sufficient.

Mrs. Bryan, wife of a soldier stationed at the Air Base three miles south of Santa Maria, was employed in the service club at the Base. She had left the club at 6:30 p.m., December 6, 1943, and was walking toward the main gate of the Base when appellant stopped his automobile and invited her to ride. Although he was a stranger she accepted his offer. He checked out at the gate and proceeded toward Santa Maria. But before reaching the main highway he parked in an isolated spot on a side road, darkened his car, and there requested the girl to "have a little fun." As she attempted to alight he grabbed her and choked her with both hands until she could yell no more. On her refusal to "give in" he began beating her head and ear with his fists. Her head was so sore that she could "hardly lie on it" and her neck was sore for a long time. The medical testimony showed that there was an abraded wound above her right ear, inflicted with a fist, two long, transverse red marks and three pronounced scratches on the right side of her neck and one scratch in the center of her neck, done with fingernails. Pressure was necessarily applied to create the marks on her neck. The scratches were evident for about two weeks and the abrasions for about eight days.

██ Whether the force applied to an assaulted person is likely to produce great bodily injury is a question to be determined by the triers of facts. (*People* v. *Nudo,* 38 Cal.App.2d 381, 384 [101 P.2d 162].) When the jury has had an opportunity to observe witnesses testify they may, from the nature

of the injuries sustained by the assaultee as well as from the malicious intention demonstrated by the unprovoked battery, determine from the violence applied whether the assault was ''by means of force'' likely to produce great bodily injury. Moreover, before the cause had been submitted to the jury the trial court refused to dismiss count 1 or to direct a verdict of acquittal.

■ A person of sadistic or cruel tendencies is not to avoid the penalties prescribed by section 245 merely because his victim escapes or he becomes fearful at the crucial moment. The measure to be applied to such an actor is whether the force applied was *likely* to cause serious bodily injury. It requires no expert to know that the choking of a girl of nineteen years until she could scream no more, or the striking of her head with sufficient force to cut her scalp, is likely to cause her serious injury. ■ It is not an essential of the crime that an intent severely to injure by the use of force be proved. (*People* v. *Lim Dum Dong,* 26 Cal.App.2d 135 [78 P.2d 1026].)

■ Neither is it required that the injuries received be serious. (*People* v. *Bradbury,* 151 Cal. 675 [91 P. 497].)

■ The kind of physical force is immaterial. (Bishop's 2 Crim. Law, §§ 32, 34.) One may be guilty of this crime although the attack is made with the hands. (*People* v. *Hinshaw,* 194 Cal. 1 [227 P. 156] ; *People* v. *Kimmerle,* 90 Cal. App. 186 [265 P. 525] ; *People* v. *Blake,* 129 Cal.App. 196 [18 P.2d 399].) The fist may come within the designation of a hard object. (*People* v. *Nudo, supra,* 385.) ■ The guilt of appellant is not to be adjudged solely by the extent of the scratches and abrasions he left upon his victim, but by the jury's determination of whether the means used were likely to produce great bodily harm, as in the case of assault with a deadly weapon, prohibited by the same statute. (*People* v. *Miller,* 25 Cal.App.2d 539, 541 [78 P.2d 191] ; *People* v. *James,* 20 Cal.App.2d 88, 91 [66 P.2d 461].)

■ The case of *People* v. *Bumbaugh,* 48 Cal.App.2d 791 [120 P.2d 703] is support for the judgment. The defendant there choked his victim and pulled her from an automobile. When she screamed he covered her mouth with one hand and choked her with the other. He dragged her through mud into the darkness, threw her down and struggled with her as she attempted to release herself from his grasp. Her clothing was torn, her face and hair were covered with mud and she had welts and other scratches on her neck, forehead and legs.

Although that defendant accomplished the pervert's offense and the loathsome crime of rape, the facts above recited supported his conviction under section 245. While he left more bruises, skin burns and scratches upon his victim than did the prisoner in the instant case, the latter's conviction for the same crime was equally justified under the cited authorities.

Appellant cites and quotes from numerous cases to show that he committed no more than a simple battery upon the prosecutrix. (*People* v. *Kocalis,* 140 Cal.App. 566 [35 P.2d 584] ; *People* v. *McIlvain,* 55 Cal.App.2d 322 [130 P.2d 131] ; *People* v. *Mullen,* 45 Cal.App.2d 297 [114 P.2d 11].) They are readily distinguishable. Although Mullen was accused of assault with intent to commit rape, he was acquitted of such intent. It was established that he voluntarily released hold upon the woman who had neither made an outcry nor unduly resisted his advances. McIlvain was convicted of rape as well as of assault by means of force likely to produce the great bodily injury which he caused in his struggle. It was there held that the gravamen of the latter offense is the likelihood of bodily injury from the force used. In the Kocalis crimes the trial court held that the force applied justified no more than a finding of simple battery. The fact that in each of the other cases where the convictions were affirmed more violence was exerted by the assailant and more serious injuries resulted to the victim than were exerted and caused by Schmidt does not defeat or impair their efficacy as support for the instant judgment. (See *People* v. *Hinshaw,* 194 Cal. 1 [227 P. 156] ; *People* v. *Dugger,* 5 Cal.2d 337 [54 P.2d 707] ; *People* v. *Ornelas,* 17 Cal.App.2d 608, 611 [62 P.2d 608].) ▊ Whether the facts of a case bring it within a penal statute is primarily to be determined by the trial court. Some assaults are committed with more violence than others; some of them leave more serious results; yet they may all be violations of the same statute.

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.