Filed 8/9/13  P. v. Aguilar CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDREW THOMAS AGUILAR,<br><br>        Defendant and Appellant. | B241228<br><br>(Los Angeles County<br>Super. Ct. No. KA094208) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed as modified.

Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

A jury convicted defendant, Andrew Thomas Aguilar, of assault with force likely to produce great bodily injury.  (Pen. Code,[1] § 245, subd. (a)(1)).  Defendant admitted a prior serious felony allegation was true.  (§§ 667, subds. (b)-(i), 1170.12.)  He was sentenced to 8 years in state prison.  We modify defendant's presentence custody credit and affirm the judgment as modified.

# II.  DISCUSSION

## A.  Force Likely To Produce Great Bodily Injury

Defendant assaulted Diego Sparling.  Mr. Sparling was defendant's ex-girlfriend's current boyfriend.  The assault began when defendant and two others "rushed" Mr. Sparling.  Mr. Sparling retreated from the front to the back yard of a house.  Defendant's ex-girlfriend, Athena Scott, saw defendant on top of Mr. Sparling.  Defendant was swinging at Mr. Sparling's face and chest.  Maria Robles also observed the altercation. Mr. Sparling was kneeling down.  Defendant was hitting him.  Defendant was swinging and connecting with Mr. Sparling's back or neck.  Mr. Sparling was not fighting back. Roberto Pichardo saw Mr. Sparling at the hospital a few days later.  Mr. Sparling had bruises and red marks on his head and face.

Defendant concedes the evidence supported a simple assault conviction.  (The jury was given the option to so convict him.)  He argues, however, that there was insufficient evidence he used force likely to produce great bodily injury.  We find there was substantial evidence of force likely to produce great bodily injury.

In reviewing a challenge to the sufficiency of the evidence, we apply the following standard of review:  "[We] must consider the evidence in a light most favorable to the

---

[1]     Further statutory references are to the Penal Code unless otherwise noted.

judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment.  The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt.  [Citations.]"  (*People v. Mincey* (1992) 2 Cal.4th 408, 432; accord, *People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  (*Jackson v. Virginia* (1979) 443 U.S. 307, 319; *People v. Castaneda* (2011) 51 Cal.4th 1292, 1322; *People v. Bolin* (1998) 18 Cal.4th 297, 331; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909.)  Our Supreme Court has held:  "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient evidence to support [the conviction].'  [Citation.]"  (*People v. Bolin, supra,* 18 Cal.4th at p. 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755; accord, *People v. Zamudio, supra,* 43 Cal.4th at p. 357.)

Neither physical contact nor actual injury is a required to support a conviction under section 245.  (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028; *People v. Brown* (2012) 210 Cal.App.4th 1, 7; *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1086.)  Further, it is well established that an assault with force likely to produce great bodily injury may be perpetrated by the use of hands or feet alone.  (*People v. Aguilar, supra,* 16 Cal.4th at p. 1028; *People v. Wingo* (1975) 14 Cal.3d 169, 176; *People v. Tallman* (1945) 27 Cal.2d 209, 212; *People v. Hinshaw* (1924) 194 Cal. 1, 14-18.)  It is for the jury to determine whether the force used was likely to produce great bodily injury.  (*People v. Sargent* (1999) 19 Cal.4th 1206, 1221; *People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066; *People v. Rupert* (1971) 20 Cal.App.3d 961, 968.)  Moreover, here, an attack was effected by repeated blows from defendant's fists.  Under these circumstances, a jury is justified in finding an assault by means of force likely to produce great bodily injury.  (*In re Nirran W.* (1989) 207 Cal.App.3d 1157, 1162; *People v. Rupert, supra,* 20 Cal.App.3d at p. 968; *People v. Chavez* (1968) 268 Cal.App.2d 381, 384; *People v. Hamilton* (1968) 258 Cal.App.2d 511, 518; *People v. Hahn* (1956) 147 Cal.App.2d 308, 311; *People v. Kinman* (1955) 134 Cal.App.2d 419, 420-422; *People v. Score* (1941) 48 Cal.App.2d

495, 496-499; see *People v. Armstrong, supra,* 8 Cal.App.4th at p. 1066; *People v. Allen* (1963) 220 Cal.App.2d 796, 801; *People v. Schmidt* (1944) 66 Cal.App.2d 253, 255-256.) Defendant repeatedly punched the victim in his face, chest, back and neck.  A few days later, bruising was still visible.  Substantial evidence supported the verdict.

## B.  Presentence Custody Credit

Defendant was awarded credit for 360 days in presentence custody plus 54 days of conduct credit for a total of 414 days.  Defendant contends he received insufficient presentence custody credit.  The Attorney General agrees.  Defendant was arrested on May 19, 2011,  and sentenced on May 14, 2012.  Therefore, he was entitled to 362 days of custody credit plus 54 days of conduct credit for a total of 416 days.  (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48; *People v. Morgain* (2009) 177 Cal.App.4th 454, 469.) The judgment must be modified and the abstract of judgment amended to so provide.

## III.  DISPOSITION

The judgment is modified to grant defendant 362 days of custody credit plus 54 days of conduct credit for a total of 416 days.  The judgment is affirmed in all other respects.  Upon remittitur issuance, the clerk of the superior court is to prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

TURNER, P.J.

We concur:

KRIEGLER, J.

KUMAR, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.