# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-2318

———————————————

THE PRESTIGE GALLERY, INC., M. CRAIG HORNSBY, and COLBY HORNSBY,

    Appellants/Cross-Appellees,

    v.

EDWARD F. NAPLETON, NAPLETON'S TALLAHASSEE IMPORTS, LLC, doing business as, NAPLETON INFINITI, and FRANK "PETE" DEE GRINNELL,

    Appellees/Cross-Appellants.

———————————————

On appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.

October 24, 2019

PER CURIAM.

Appellants and appellees challenge the final judgment and various post-verdict orders rendered by the trial court in this civil case. We affirm all issues raised on appeal and cross-appeal without further comment except one: we reverse the final judgment of $80,000 in nominal damages as legally excessive and remand with directions for the trial court to award nominal damages only.

After a three-week trial during which appellants failed to present admissible evidence of compensatory damages, the court provided the jury a verdict form allowing them to award appellants nominal damages, punitive damages, or both. During deliberations the jury presented the court with a question concerning nominal damages which the court answered:

> And I have your question and it is, is there a limit on the amount for nominal damages? And to answer that question, technically no, there is no limit. I would just read back to you the instructions which you have as to nominal damages. And it says, 'If you find for a plaintiff on his/her slander claim, but find that no injury or damage has been proved, you may award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damages proved.'

The jury then requested a definition for the term "inconsequential" and the court instructed the jury: "'inconsequential' means, and I've come up with this, which is inconsequential means 'of little or no importance or insignificant.'"

The jury ultimately rendered a verdict of $80,000 in nominal damages in favor of appellants and chose not to award punitive damages. After the jury was dismissed, appellees filed a motion to reduce the award on the basis that an $80,000 award is a legally impermissible nominal damages award. The trial court ruled that the award was legally excessive, improper, and contrary to law, but nonetheless declined to reduce the award because the court felt it had misled the jury when it told them there was technically no cap on nominal damages.

We share the trial court's frustration with the current state of the law and the lack of a definitive cap on "nominal damages." However, there is no legal basis to allow an award of $80,000 in nominal damages to stand. *See, e.g.*, *State, Dep't of Corr. v. Niosi*, 583 So. 2d 441 (Fla. 4th DCA 1991). Even under federal law jury awards of tens of thousands of dollars in nominal damages have only been affirmed where there was a confusing jury instruction and the jury had the ability to award compensatory damages. *See*

2

*Auwood v. Harry Brandt Booking Office Inc.*, 850 F.2d 884 (2d Cir. 1988). Nonetheless, federal case law holds that a court may not award a legally excessive jury award of nominal damages when the jury was not permitted to award compensatory damages. *See e.g., XTech, Inc. v. Hembree Consulting Servs., Inc.*, 183 F. Supp. 3d 1245, 1272 (S.D. Fla. 2016) (holding that a jury award of $250,000 in nominal damages was error as a matter of law because the jury was precluded from awarding compensatory damages when rendering the verdict).

There is little additional guidance we can offer the trial court beyond that which the trial court gave the jury, instructing that nominal damages are inconsequential.[*] Accordingly, we REVERSE the final judgment and REMAND the case to the trial court with directions to reduce the award to nominal damages only, and we AFFIRM all other issues.

WOLF and M.K. THOMAS, JJ., and DUNCAN, J. SCOTT, ASSOCIATE JUDGE, concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[*] We do note that there are some older cases where courts in other states have found nominal damages in excess of $75 or $100 are legally impermissible. *Baden v. Sunset Fuel Co.*, 225 Or. 116, 119 (1960); *Gould v. Mountain States Tel. & Tel. Co.*, 6 Utah 2d 187 (1957) ($75); *Lucas v. Morrison*, 286 S.W.2d 190 (1956) ($100); *Moyer v. Cordell*, 204 Okl. 255 (1951) ($105); *People v. Giacobbi*, 83 Cal.App. 12 (1927) ($100); *Broads v. Mead*, 159 Cal. 765 (1911) ($100).

Marsha L. Lyons of Lyons & Farrar, P.A., Tallahassee, for Appellants/Cross-Appellees.

Michael F. Coppins and Zackery A. Scharlepp of Coppins Monroe, P.A., Tallahassee, for Appellees/Cross-Appellants.