[Crim. No. 1710. Third Appellate District.—April 10, 1940.]

THE PEOPLE, Respondent, v. LOUIS NUDO, Appellant.

Margaret Gettys Hall and E. H. Zion for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

TUTTLE, J.—The defendant was convicted after trial by jury in the county of Stanislaus, of the crime of assault by means of force likely to produce great bodily injury, a felony. He objected to the court of its own motion referring the matter to the probation officer, and was sentenced to one year in the county jail. This is an appeal from the judgment of conviction and from the order denying a new trial.

The information by which defendant was charged is as follows:

"Information for assault by means of force likely to produce great bodily injury, a felony. Louis Nudo is accused by the District Attorney for the said County of Stanislaus, State of California, by this information, of the crime of assault by means of force likely to produce great bodily injury,

a felony, committed as follows: The said Louis Nudo, on or about the 25th day of January, A. D., nineteen hundred and thirty-nine, at and in said County of Stanislaus, State of California, and prior to the filing of this information, assaulted Bill Koch by striking him and gouging his eye with a hard object and by beating him and breaking his ribs.''

Considering the evidence in the light most favorable to the People, we find the essential facts of the case to be as follows: William Koch, the party who was very severely beaten by the defendant, was an old man, 77 years of age. He was, and had been, for six years, a night watchman at the Riverbank Cannery, in Stanislaus County. The defendant, a comparatively young man, had for many years held a similar job, but had been discharged by the cannery for illegally selling certain materials which, it was claimed, he had stolen from the cannery. The defendant claimed that this was a frame-up, and allegedly believed that Koch was one of the instigators thereof. Apparently, the defendant had been trying to find out more about this alleged frame-up, but Koch would not talk about it, and defendant wanted to be informed by Koch as to the identity of the others involved, so that he could ''get even''. Some time thereafter, defendant was riding in an automobile along the highway, and he saw Koch walking up a slope toward the car. Defendant stopped his car and he and a companion alighted. Koch did not see them alight, and he approached the car and asked if there was any trouble. He then started to walk away, when someone struck him with a blackjack and knocked him down. He saw defendant take the blackjack and heard him say, ''I got you, you ——, and I am going to kill you.'' Defendant then struck Koch again in the eye, and he was rendered unconscious. In his fall he struck a guard-rail and broke several ribs. Koch bled profusely from his wound, and was taken to the hospital, where he remained nine days. Defendant testified that he had owned a blackjack, but that he had burned it two months prior to the assault. He also testified that he did not use a blackjack, but hit Koch with his fists.

It is contended that there is no evidence to justify a finding to the effect that a blackjack or other hard object was used. A reference to a *résumé* of the testimony given above is a sufficient answer. The point raised involves nothing more than a conflict in the evidence, and we are satisfied

that the record supports a finding that the assault was committed by means of a blackjack.

It is contended that the court should have instructed the jury—1. Upon the question as to what force would be likely to produce great bodily injury; and—2. That, under the evidence, defendant could have been found guilty of simple assault. No instruction was offered by defendant upon either question. As to the first point, while it is the rule that it is the duty of the trial court, in a criminal case, to give, *sua sponte,* instructions on the general principles of law pertaining to the case (*People* v. *Peck,* 43 Cal. App. 638 [185 Pac. 881]), this does not apply to those instructions which do not cover broad, general principles, and which are mere refinements of other instructions given. Here, the trial court defined an assault in the language of the Penal Code (sec. 240). The court read the information to the jury, and charged them that every material allegation thereof must be proved beyond a reasonable doubt. This was a sufficient definition of the crime charged. As to the second contention, it is argued that the evidence justified a verdict of simple assault, a misdemeanor, and an offense necessarily included in the charge made. (3 Cal. Jur., p. 224, sec. 32.) No instruction was presented to the court, or requested by appellant to the effect that defendant might be convicted of the lesser offense, and the court did not give such instruction. It is the rule "that a judgment will not be reversed because the trial court had not instructed as to a lesser crime included in the greater one charged, unless the defendant requested that the jury be so instructed". (*People* v. *Bailey,* 142 Cal. 434 [76 Pac. 49], where numerous authorities are cited.) Under the same rule, it was not reversible error for the court to fail to submit to the jury a form of verdict covering simple assault.

After the jury had deliberated for some time, they returned into court and asked for further instructions. A prolonged colloquy between the court and a member of the jury, and between court and both counsel followed. At the suggestion of the court, two notes were written out by a juror and handed to the trial judge. The contents of such notes were not disclosed. No request was made by counsel for defendant that such notes be exhibited to her. The court, at

the request of the People, then gave the following instruction:

"You are instructed that it is not essential that the People prove that the assault, if any, was committed by the exact means charged in the information. It is sufficient if it is proved beyond a reasonable doubt and to a moral certainty that Louis Nudo assaulted Bill Koch by means of force likely to produce great bodily injury, providing you are convinced that such assault, if any, was not committed in self-defense."

No further instructions were offered by defendant. The instruction quoted was objected to by defendant as an incorrect statement of the law. He contends that the trial court should have specified the exact means by which the bodily injury was inflicted. The information charged that the assault was committed with a "hard object". The statute under which the charge was brought reads as follows:

"Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the State prison not exceeding ten years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment." (Pen. Code, sec. 245.)

Under the evidence the jury could have found that the assault was committed by means of a blackjack or by means of defendant's fist. The former admittedly comes within the designation of a "hard object". Likewise, upon an occasion of this character, a fist can reasonably be so described. This is obvious from the nature of the injury inflicted. What force is likely to produce great bodily injury is a question of fact to be determined by the jury. (*People v. Fuqua*, 58 Cal. 245.) In *People v. Hinshaw*, 194 Cal. 1–18 [227 Pac. 156], it is said:

"The pleading here, by way of describing the means employed and the force used and where the force was directed, alleges that the assault was made with the fists and hands upon the head and face and that the result was a fractured jaw and other grievous injuries. Such allegations under the circumstances of this case describe both the means employed and the force used which we think meet the language of the statute—'by any means or force likely to produce great bodily injury', and are 'not the details of probative matter or par-

ticulars of evidence by which these material elements are to be established'. (Pomeroy's Code Remedies, 4th ed., p. 555.) ''

An almost identical instruction was approved in *People* v. *Blake,* 129 Cal. App. 196 [18 Pac. (2d) 399]. We cannot see how any possible prejudice could result from the failure of the court to go into further details in respect to the manner in which the assault was made. Furthermore, no demurrer was interposed to the information. If further particularity was desired by appellant, an objection should have been raised to the pleading. The case of *People* v. *Perales,* 141 Cal. 581 [75 Pac. 170] (decided in 1904), is relied upon by appellant. There, however, the objection to the information was made by demurrer, the court holding that the offense of assault by means likely to produce great bodily injury was not stated with sufficient particularity. The information described the object used as a ''heavy wooden stick''. The Supreme Court held that the weight, strength and size of the stick should have been alleged. We seriously doubt if such a technical omission would be held reversible error to-day. Here, there was no objection whatever interposed to the information by appellant.

 As to the manner in which the jury communicated with the trial judge, while we do not approve of the practice, we cannot see how any prejudice resulted from the procedure. No request was made by appellant for an inspection of the notes. Doubtless the judge acted out of an abundance of caution, with a view of keeping the observations of a particular juror from the other members of the jury.

From appellant's own lips, the record shows a vicious and unjustified assault made upon a man 77 years of age. To consume pages in discussing the question of whether appellant used a blackjack or his fists would seem a waste of words. In any event, in the language of the section of the Penal Code quoted above, the assault was committed ''by means of force likely to produce great bodily injury''.

The judgment and order are affirmed.

Pullen, P. J., and Thompson, J., concurred.