[Crim. No. 3522.   Second Dist., Div. Two.   Dec. 16, 1941.]

THE PEOPLE, Respondent, v. MARVIN ELMER SCORE, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney General, and Alberta Belford, Deputy Attorney General, for Respondent.

MOORE, P. J.—Defendant was accused by information of two felonies, attempted grand theft (count I) and assault by means of force likely to produce great bodily injury (count II). Tried by the court without a jury, he was acquitted of the first count but was found guilty as charged in the second. His application for probation having been denied, he was sentenced to the state prison for the term prescribed by law. From the judgment entered September 11, 1941, defendant takes this appeal.

One Louis Lepter, accompanied by his friend Mrs. Adele Fritzel, parked his black Plymouth coupé on Vine Street near the intersection with Franklin Avenue in Hollywood at about 10:45 o'clock on the evening of April 26, 1941. Upon his return about 11:15 p. m. he found defendant sitting in his car behind the wheel with the right door open and the vent of the cowl pried open. Defendant was searching the glove compartment and going through the papers belonging to Lepter. Lepter requested defendant to leave the car and attempted to hold him when defendant struck at him with his clenched fist, hit him in the face and knocked off his glasses. Defendant then ran about a block with

Lepter yelling and trying to hold on to him during which defendant struck him twice with his fists in the chest and face. During the scuffle both went down on the ground, defendant falling on top of Lepter whose leg was doubled up under him as a result of which Lepter suffered a broken tibia and a broken ankle. Lepter shouted to passers-by to catch defendant and they succeeded in doing so. Defendant was held until the arrival of the police who had been called by Mrs. Fritzel.

It is contended by appellant that his striking of Lepter with his fist was not in a manner to, nor did it, produce great bodily injury; that there was no unlawful attempt to commit an assault and no present ability to commit a serious injury; that pursuing appellant and trying to hold on to him was the sole cause of complainant's injuries; that there was no legal justification for Lepter's holding appellant; that no force was directed toward the breaking of Lepter's leg, no weapon used; that no crime had been committed by appellant as demonstrated by his acquittal of the charge of attempted grand theft; that appellant acted only in self-defense and endeavored to leave the presence of Lepter; that he used only sufficient force to disengage himself from Lepter when the fall occurred.

Appellant ignores entirely the fact of his crime and of the right and duty of complainant to effect his arrest. When a person temporarily deprives the owner of a vehicle of temporary possession even without intent to steal, he is guilty of a felony. (Vehicle Code, sec. 503.) Under appellant's own testimony he was occupying appellant's car at the time of the latter's return. Temporary possession may be for a day and it may be for less than a minute. For some time at least appellant then and there occupied complainant's car without the latter's consent. Furthermore, appellant was guilty of a misdemeanor committed in the presence of complainant. Any person who wilfully injures or tampers with any vehicle or the contents thereof or breaks or removes any part of the vehicle, or who climbs into the vehicle with intent to commit a malicious injury is guilty of a misdemeanor. (Vehicle Code, sec. 504.) Upon complainant's discovery of appellant sitting in his Plymouth car, going through the contents of the glove compartment, appellant was in the act of committing a misdemeanor. Also, he had already injured

the car by prying open the cowl of it. Finding that appellant had already injured the car and was in the act of committing both a felony and a misdemeanor, it was the duty as well as the right of complainant to arrest appellant. (6 C. J. S., p. 607.)

The subsequent acquittal of attempted grand theft is not decisive of the merits of the proof offered in support of the second count. While the evidence shows that appellant was not attempting to steal the coupé, it appears equally clear therefrom that he did occupy the car in such manner as to deprive its owner of temporary possession, a felony. Moreover, the conviction on count II implies a finding that appellant was in the act of committing a crime; otherwise he could not have been guilty of assault in any degree.

Any person, though not an officer, may arrest another for committing or attempting to commit a public offense in his presence. (Penal Code, sec. 837.) A private person making such arrest is not required to advise the offender of his intention to arrest him when the latter is actually engaged in the commission of, or in attempting to commit, an offense or where he is pursued immediately after its commission or after an escape. (Penal Code, sec. 841.)

On finding himself at bay, it was appellant's duty then and there to stand and wait either to be escorted by Lepter to a magistrate (Penal Code, 849) or until the arrival of the police. Instead of doing this, he beat the chest of complainant and struck his face near his eyes with his clenched fists. These blows constituted an assault with force and justified the judgment if the court believed from the evidence that the force used by appellant was "likely to produce great bodily injury". (Penal Code, sec. 245.)

The determination of the amount of force necessary to produce great bodily injury is for the jury. The decision of a trial court that the fist of an assailant did produce such injury will not be disturbed on appeal. (*People* v. *Nudo,* 38 Cal. App. (2d) 381 [101 Pac. (2d) 162]; *People* v. *Hinshaw,* 194 Cal. 1 [227 Pac. 156].) Whether a fist would be likely to produce such injury is to be determined by the force of the impact, the manner in which it was used and the circumstances under which the force was applied. Such matters are for the triers of fact.

■ Appellant assumes that his guilt should be measured by the fact that the only force he purposed to apply to the complainant was the blows to his body and face. Also, he assumes that this court will determine that such blows were not attended with force likely to produce great bodily injury. But immediately following appellant's batteries he attempted to escape from complainant's custody when the fall occurred and the leg was broken. In resisting arrest appellant is presumed to have intended the ordinary consequences of his voluntary act. (Code Civ. Proc., sec. 1963.) The scuffle and the fall were a part of one continuous episode in which appellant first thrust his fist against Lepter, then fell upon his body. This fall caught complainant's leg in such a position as to cause its double fracture. This would not have occurred but for the lawlessness of appellant. The injury suffered by complainant as the result of the fall of appellant's body upon him was caused by a force applied by appellant. He is not to be excused upon the hypothesis that he was endeavoring to escape from the presence of complainant. But for his unlawful act in attempting to evade arrest the fall would not have occurred. Upon being apprehended it was the duty of appellant to submit to the arrest. No person may add to his crimes when caught in the act of committing them by resisting the citizen who voluntarily acts in behalf of the state. If he does so, he will suffer for the ordinary consequences of his act. ■ The condition of Lepter immediately following the assault was a part of the *res gestae* and was properly admitted. It is not incumbent upon the People to designate which act in the course of a continuous struggle constituted the application of the force that actually caused complainant's injury. (*People* v. *Ornelas,* 17 Cal. App. (2d) 608, 611 [62 Pac. (2d) 608].)

It follows, therefore, that if the judgment was based upon appellant's fall upon complainant, the injuries he actually suffered demonstrate the truth of the charge. But if the judgment was founded upon the finding that the blows administered with appellant's fist were likely to produce great bodily injury to complainant, such finding was properly the function of the trier of the facts and his judgment thereon will not be disturbed.

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.