[Crim. No. 3196.   Third Dist.   Sept. 6, 1961.]

THE PEOPLE, Appellant, v. LYNN WHITE, Respondent.

Stanley Mosk, Attorney General, John Foran, Deputy Attorney General, David R. York, District Attorney, and Wade N. Shifflett, Deputy District Attorney, for Appellant.

Ellis R. Randall for Respondent.

SCHOTTKY, J.—Defendant, Lynn White, was charged with assault upon one Gordon Pfeil by means of force likely to produce great bodily injury. (Pen. Code, § 245.) Following a preliminary examination he was held to answer before the superior court and thereafter an information was filed charging that defendant did wilfully, unlawfully and feloniously commit an assault on Gordon Pfeil by means of force likely to produce great bodily injury in violation of section 245 of the Penal Code.

Defendant made a motion to set aside the information on the ground that he had been committed without reasonable or probable cause. The superior court granted the motion and dismissed the information. The People have appealed from the order of dismissal and contend most earnestly that the order was erroneous.

Before discussing this contention, we think it well to set forth certain well-settled principles applicable to the instant appeal which are well stated in *People* v. *Platt,* 124 Cal.App.2d 123, at page 130 [268 P.2d 529], as follows:

''The evidence necessary to justify an order holding a defendant to answer to the superior court is not subject to the same test as that before a trial jury in a criminal action, and reasonable or probable cause may be found for holding to answer although the evidence does not establish the defendant's guilt beyond a reasonable doubt. All that is required

is a reasonable probability of the defendant's guilt. (*Davis* v. *Superior Court,* 78 Cal.App.2d 25, 27 [177 P.2d 314].)

█ 'Reasonable or probable cause,' required to uphold the commitment of a defendant (Pen. Code, § 995), exists if there is sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged. (*People* v. *George,* 95 Cal.App.2d 425, 429 [213 P.2d 33]; *People* v. *Thomas,* 90 Cal.App.2d 491, 494 [203 P.2d 567].)

█ "On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated. (*Weber* v. *Superior Court,* 35 Cal.2d 68, 69 [216 P.2d 871].) . . ."

The record of the preliminary examination discloses that on November 11, 1960, Gordon Pfeil drove his car into the Midway Garage which is located on the Napa-Vallejo highway near the entrance to Rancho Del Mar. He stopped near the gas pumps and got out of his car to have the attendant repair a headlight. At this time Lynn White came up to him and asked why he had cut him off when he turned into the gas station. Pfeil told White that to the best of his knowledge he had not cut White off but that if he had he was sorry. White replied that the next time it happened he would run his truck over Pfeil's car. Pfeil then said that this would not be a wise thing to do and considered the conversation at an end. He took off his glasses because it was raining and leaned on the hood of his car. The next thing he knew he was hit in the eye. The blow was struck by White. As a result of the blow Pfeil had a highly discolored left eye, a cut in the eyebrow which required three stitches and a fractured cheek bone.

Section 245 of the Penal Code reads in part: "Every person who commits an assault upon the person of another . . . by any means of force likely to produce great bodily injury is punishable by imprisonment . . . , or by fine . . . , or by both . . . ."

This statute makes it a crime to commit an assault by means of force likely to produce great bodily injury. █ One may be guilty of assault by means of force likely to produce

great bodily injury even though the attack is made by the use of hands or fists. As stated in *People* v. *Kinman,* 134 Cal. App.2d 419, at page 422 [286 P.2d 28]:

"There are many cases on the subject, for example, 'Repeatedly the courts of this state have held that one may be guilty of assault by means of force likely to produce great bodily injury although the attack is made by the use of hands or fists. (*People* v. *Hinshaw,* 194 Cal. 1 [227 P. 156]; *People* v. *Kimmerle,* 90 Cal.App. 186 [265 P. 525]; *People* v. *Blake,* 129 Cal.App. 196 [18 P.2d 399]; *People* v. *Nudo,* 38 Cal.App.2d 381, 385 [101 P.2d 162].) ▮ What force is likely to produce great bodily injury is a question of fact to be determined by the jury. (*People* v. *Nudo, supra.*)' (People v. *Bumbaugh,* 48 Cal.App.2d 791, 797 [120 P.2d 703].)

▮ "'Whether a fist would be likely to produce such injury is to be determined by the force of the impact, the manner in which it was used and the circumstances under which the force was applied.' (*People* v. *Score,* 48 Cal.App. 2d 495, 498 [120 P.2d 62].)"

▮ We think that the court erred in dismissing the information. Under the evidence the magistrate could reasonably conclude that the assault was unprovoked and delivered at a time Pfeil was not prepared to protect himself. From the pictures introduced in evidence showing Pfeil's injuries and from the other evidence, the magistrate could reasonably conclude that appellant's blow was delivered with great force. We are satisfied that there was sufficient evidence to sustain the order holding appellant to answer.

The order dismissing the information is reversed.

Van Dyke, P. J., and Peek, J., concurred.