[Crim. No. 4236. First Dist., Div. Three. Dec. 13, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. CARL H. FOSTER et al., Defendants and Appellants.

Daniel H. Dibert, under appointment by the District Court of Appeal, for Defendants and Appellants.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Keith E. Pugh, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.— Two sets of brothers are the main actors here, one set being the intended victims of a burglary, the other, appellants convicted of that crime. The "victims" (it is ironic to call them so, in view of the result) were asleep in their room on the second story of a motel, at about 7 o'clock in the morning. One of them (hereinafter called the victim) awoke to find a man, whom he identified as appellant Carl Foster, kneeling at a night stand in the room, trying to open its drawer. In the stand was the victim's wallet. The victim pounced on the intruder and the two wrestled to the door, then outside onto a porch, where the victim bent Foster over the rail. The victim's brother then came to his assistance, and together they tried to pull Foster back into the room. At this point, Cecil Foster came up and slashed at the victim with a penknife, inflicting minor wounds. Both Fosters escaped, but Carl's coat was torn off, and in it was found a receipt of an Oakland hotel. The Fosters were seen to run to an automobile which was driven away by a third man. Deduction was brought into play, and the Fosters were arrested while they were leaving the Oakland hotel room,

their arms laden with clothes. A third man with them escaped.

Trial was without jury, and the court found both defendants guilty of first degree burglary. They had testified that the intruder was the third man. On appeal, their contentions are: (1) that the judgment against Carl Foster should be reduced to second degree burglary, and (2) that because Cecil Foster did not enter the room, his conviction should be reversed.

The court could conclude, reasonably, that there was a conspiracy by which Cecil remained outside the room as a lookout and the third man stood by as driver, while Carl entered the room. ■ While conspiracy exists, each conspirator is liable for the acts of the others. ■ It is immaterial that there is no charge of conspiracy in the information, or that the word conspiracy is not used during the trial. (*People* v. *Duran*, 57 Cal.App.2d 363, 371 [134 P.2d 305].)

Cecil Foster, therefore, is guilty of the entry by Carl. ■ As to the degree of the crime, each is equally liable for any assault committed by the other. Burglary is of the first degree if it is committed by a person who, while in the commission of the burglary, assaults any person. (Pen. Code, § 460.)

■ There were two assaults, one by each appellant. It is argued by Carl that his action, once he was seized, was by way of retreat, not assault. The wrestling, however, constituted an assault, even though the objective of the intruder may have been escape or withdrawal. The act of the intended victim in seizing the burglar was one of citizen's arrest. (*People* v. *Score*, 48 Cal.App.2d 495, 499 [120 P.2d 62]; Pen. Code, § 841.) It was Carl Foster's duty, on finding himself at bay, to remain passive. (*People* v. *Score, supra.*) His resistance may have been impulsive, but this is one result he might have expected when he entered. One who decides to commit a crime must take many consequences of events which are thrust upon him suddenly.

■ Both brothers are also liable for the attack by Cecil. Although there was a moment, when Carl was being held over the railing, when it might have been justifiable for Cecil to come to his assistance, the time of Cecil's attack was when Carl was pulled back almost into the room. The court could find readily that all of the acts were part of the continuing transaction of burglary. (*People* v. *Mason*, 54 Cal.2d 164, 169

[4 Cal.Rptr. 841, 351 P.2d 1025] ; *People* v. *Shields,* 70 Cal. App.2d 628 [161 P.2d 475].)

Judgments of conviction of first degree burglary affirmed.

Draper, P. J., and Salsman, J., concurred.