[No. A040011. First Dist., Div. Three. Feb. 9, 1989.]

In re NIRRAN W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
NIRRAN W., Defendant and Appellant.

1158

**COUNSEL**

Michael Jacobowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MERRILL, J.**—By a subsequent petition filed July 31, 1987, the Alameda County District Attorney, under section 602 of the Welfare and Institutions Code, alleged that appellant Nirran W. had committed an assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)). Following the contested jurisdictional hearing, the court found the allegation to be true. The court ordered Nirran placed in his grandmother's custody under his probation officer's supervision.

I

The victim, Charlene Rivera, testified that on June 29, 1987, she was driving her car in Oakland when she saw a van driving down the middle of the street, heading straight for her. Although she swerved to the right to avoid the van, it nearly hit her. Rivera stopped her car and then noticed that the van had also stopped. A young woman from the van came running toward her, calling her insulting names. Rivera then observed several other young people exit the van and run toward her. They were yelling and threatening to give her a beating.

Rivera was hit in the head with a stick that was thrown at her by one of the van occupants. The female van driver then apologized to Rivera. As the two were about to shake hands, a young man hit Rivera on the left side of her face. She became dizzy and was knocked under her open car door. She testified that she felt her jaw dislocate but then pop back in. Someone then

sprayed mace at her face. Rivera received treatment at a hospital for her injuries.

At the jurisdictional hearing Rivera could not identify Nirran as her assailant. However, the van driver and one van passenger testified at the hearing that Nirran was the individual who hit Rivera. Nirran was the only male in the group. At the time of this incident Nirran stood five feet two inches tall and weighed one hundred and five pounds. He was 13 years and 9 months old at the time.

Before resting, the district attorney requested the court take judicial notice of a June 25, 1987, minute order which showed that in the earlier Welfare and Institutions Code section 602 proceeding, just four days before the assault in the instant case, Nirran had been examined and found to appreciate the wrongfulness of his conduct within the meaning of Penal Code section 26 in connection with a battery committed against a teacher on school property. Defense counsel objected on the grounds that Nirran had not been given advance notice of the request to take judicial notice and that the minute order was irrelevant. The court agreed that Nirran was entitled to notice and offered to continue the proceeding. Defense counsel did not seek a continuance but did ask for time to examine the minute order. After reviewing the minute order, Nirran's counsel renewed his irrelevancy objection. The juvenile court overruled his objection and took judicial notice of the minute order.

## II

Under Penal Code section 26, subdivision One, a child under the age of 14 is presumed incapable of committing a crime "in the absence of clear proof that at the time of committing the act charged against [him], [he] knew its wrongfulness." (See *In re Tony C.* (1978) 21 Cal.3d 888, 899 [148 Cal.Rptr. 366, 582 P.2d 957].) Nirran argues that the record discloses insufficient evidence that he appreciated the wrongfulness of his conduct. He charges the juvenile court's judicial notice of a minute order from a previously sustained Welfare and Institutions Code section 602 petition does not constitute clear proof of his mental capacity. We hold that the record contains sufficient evidence of Nirran's appreciation of the wrongfulness of his conduct.

The minute order revealed that in a June 25, 1987, hearing conducted on a Welfare and Institutions Code section 602 petition, alleging that he committed a battery on school property (Pen. Code, § 243.2), Nirran was examined pursuant to Penal Code section 26. The juvenile court here reasoned that the court's earlier acceptance of his admission of the truth of the

allegation, following such examination, demonstrated that Nirran was found to appreciate the wrongfulness of committing the misdemeanor battery. From such finding the court inferred that Nirran knew the wrongfulness of the assault in the instant petition.

"Evidence of prior petitions sustained for the *same* offense is relevant to knowledge of the wrongfulness of conduct and admissible under Evidence Code section 1280 as official records." (*In re Martin L.* (1986) 187 Cal.App.3d 534, 539 [232 Cal.Rptr. 43], italics added, citing *In re Harold M.* (1978) 78 Cal.App.3d 380, 385 [144 Cal.Rptr. 744].) Here the juvenile court considered the relevant evidence that four days before committing the assault against Rivera, Nirran knew the wrongfulness of conduct constituting a misdemeanor battery. The two petitions did not allege identical offenses. However, misdemeanor battery on school property and a felony assault reflect conduct similar enough to permit an inference that a minor cognizant of the wrongfulness of the former would also be cognizant of the wrongfulness of the latter. From such evidence the juvenile court properly inferred that Nirran appreciated the wrongfulness of the conduct alleged in the petition here.

Moreover, the record here reveals that at the time he committed the assault he was three months short of his fourteenth birthday. ■ Age is an important consideration in determining a child's knowledge of the wrongfulness of his acts. The closer the child is to the age of 14, the more likely it is that he appreciates the wrongfulness of his acts. (*In re Cindy E.* (1978) 83 Cal.App.3d 393, 399 [147 Cal.Rptr. 812].) ■ There is sufficient evidence to support the juvenile court's finding that Nirran appreciated the wrongfulness of his conduct.

### III

■ The only remaining issue presented by Nirran is that there is insufficient evidence in the record to support the court's finding that he had committed an assault by means of force likely to produce great bodily injury. He argues that, as a matter of law, one blow to the face of the victim could not have been likely to cause great bodily injury. We find no merit in this contention.

■ The use of hands or fists alone may be sufficient to support a conviction of assault by means of force likely to produce great bodily injury. (*People* v. *Wingo* (1975) 14 Cal.3d 169, 176 [121 Cal.Rptr. 97, 534 P.2d 1001], citing *People* v. *Chavez* (1968) 268 Cal.App.2d 381, 384 [73 Cal.Rptr. 865], and *People* v. *White* (1961) 195 Cal.App.2d 389, 391-392 [15 Cal.Rptr. 665].) The essential determination is whether the force was likely to pro-

duce great bodily injury rather than the actual injury incurred. (See *People v. Rupert* (1971) 20 Cal.App.3d 961, 967 [98 Cal.Rptr. 203].)

■ Reviewing the record in the light most favorable to the juvenile court order as we must (*In re Jose R.* (1982) 137 Cal.App.3d 269, 277 [186 Cal.Rptr. 898]), we hold substantial evidence supports the finding that Nirran committed an assault by means of force likely to produce great bodily injury. The record shows Nirran's assault was without warning and delivered with great force. The blow to the side of Rivera's face was sufficient to knock her down just as she and the driver of the van were about to shake hands. The injuries she sustained caused her to be treated at a hospital for four to five hours. She testified that she felt her jaw pop out and then back in. At the time of the jurisdictional hearing almost two months later, her teeth still did not meet. Despite his slight stature, Nirran clearly delivered the blow with sufficient force likely to produce great bodily injury.

### IV

The judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.