UNITED STATES of America,
Plaintiff—Appellee,

v.

Andrew Edward MADRID,
Defendant—Appellant.

No. 02–50423.

D.C. No. CV–98–00413–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided Feb. 20, 2003.

of this circuit except as provided by Ninth
Circuit Rule 36–3.

Before HALL, THOMPSON and BERZON, Circuit Judges.

MEMORANDUM *

Madrid appeals the district court's finding that his conduct in violation of California Penal Code § 245(a)(1) is punishable as a felony and therefore constitutes a Grade A violation of his supervised release. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. Conduct may be properly characterized as a Grade A violation where two elements are met: the conduct must be a "crime of violence" and must be "punishable" as a felony. U.S.S.G. § 7B1.1(a)(1). Madrid conceded that his conduct constitutes a violation of his supervised release. He further conceded that his conduct constitutes a "crime of violence" within the meaning of § 4B1.2(a)(1) of the United States Sentencing Guidelines. *See also* U.S.S.G. § 7B1.1, cmt. n. 2.

The district court did not abuse its discretion in determining that Madrid's conduct is punishable as a felony § 245(a)(1) violation. The court properly evaluated Madrid's *actual conduct* rather than relying upon his misdemeanor § 245(a)(1) conviction in coming to this conclusion. *See* U.S.S.G. § 7B1.1, cmt. n. 1; *see also United States v. Jolibois,* 294 F.3d 1110, 1114 (9th Cir.2002) (upholding a revocation of supervised release based upon actual conduct where the defendant was not prosecuted for that conduct).

California Penal Code § 245(a)(1) punishes conduct that is *"likely to produce great bodily injury"* (emphasis added).

*See also People v. Wingo,* 14 Cal.3d 169, 121 Cal.Rptr. 97, 534 P.2d 1001, 1008 (1975) (stating that "since the statute focuses on force *likely* to produce harm, it is immaterial that the force actually resulted in no harm whatever") (emphasis in original). Conduct that violates § 245(a)(1) may be punished as either a misdemeanor or a felony. *People v. Superior Court (Alvarez),* 14 Cal.4th 968, 60 Cal.Rptr.2d 93, 928 P.2d 1171, 1174 (1997). We therefore reject Madrid's assertion that the district court could only find his conduct punishable as a felony, instead of as a misdemeanor, under § 245(a)(1) where his conduct resulted in *actual* great bodily injury to the victim. There is no such requirement in the statute.

2. Insofar as Madrid can be understood as arguing that, despite his conviction and concession, his conduct did not violate § 245(a)(1) at all, his argument fails. Madrid delivered one unprovoked blow to his victim's head, which resulted in knocking the victim to the ground. The victim's bleeding shin, swollen eye, and lip abrasion, though perhaps not examples of great bodily injury themselves, indicate that Madrid hit the victim with force sufficient to cause great bodily injury. *Cf. In re Nirran W.,* 207 Cal.App.3d 1157, 255 Cal.Rptr. 327, 329 (1989) (upholding defendant's felony § 245(a)(1) conviction where he delivered a single blow, without warning and with force sufficient to knock his victim down).

For the foregoing reasons, the district court's finding that Madrid's conduct is punishable as a felony § 245(a)(1) violation and is therefore a Grade A violation of his supervised release is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.