Filed 10/24/13  In re A.P. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 3

|  |  |
|---|---|
| In re A.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>A.P.,<br><br>     Defendant and Appellant. | A137510<br><br>(Alameda County<br>Super. Ct. No. SJ11177842) |

Appellant A.P. seeks to reverse an order of commitment after a juvenile court found he committed felony assault by a means of force likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4).  Because substantial evidence supports the juvenile court's finding that his punching another person in the face twice constituted force likely to produce great bodily injury, we affirm.

**Background**

The Masjidul Waritheen mosque stands at the corner of 47th Avenue and Bond Street in Oakland, approximately one block away from Fremont High School.  Students from the nearby school frequently loitered, littered and smoked marijuana around the mosque.  Fed up with truant students loitering around the mosque, Imam Faheem Shuaibe contacted the school.  The school's principal requested Shuaibe somehow identify the students loitering outside the mosque so the school could notify specific parents.

1

Thereafter, Shuaibe and other mosque attendees began photographing and video-recording the students they observed loitering outside the mosque during school hours.

Around 8:15 a.m. on November 5, 2012,[1] Shuaibe stood in front of the mosque and observed a group of five high school aged individuals walking from the direction of the school after Shuaibe heard the school bell ring. Shuaibe believed they were truant students and hoped to preserve their identities for reporting to the school, so he began filming the group with his mobile phone. By his side, he kept a three- or four-foot-long thin wooden stick, which he used to fend off stray neighborhood dogs. As the individuals came closer, members of the group demanded he stop filming and threatened "we gon' beat your ass," but Shuaibe continued recording.

Seventeen-year-old A.P. emerged from the group, walked towards Shuaibe and uttered "stop taking those pictures, nigga." They stood eye-level to each other, but Shuaibe was "much bigger" in weight. Then, with an open palm, A.P. swung at Shuaibe with his right hand and struck Shuaibe's fingers, knocking the phone approximately 30 feet into the middle of the street. Shuaibe responded by moving aggressively towards A.P., holding the wooden stick at shoulder height. A.P. raised his hands and struck Shuaibe twice in the face with closed fists. The first punch landed on the lower part of Shuaibe's chin and second landed above his right eye. Shuaibe lost balance and fell backwards onto the ground, dropping the stick.

While Shuaibe was on his back on the ground, A.P. climbed on top of him and the two tussled. Shuaibe was eventually able to use his greater weight to wrestle with A.P. and pin him down. At some point during the struggle, other members of A.P.'s group hit Shuaibe on his back and on the back of his head with Shuaibe's stick. As Shuaibe pinned A.P. on the ground, two acquaintances of Shuaibe arrived and pulled them apart. Shuaibe stood up and kicked A.P. in the right side of his face. At that point, all other members of A.P.'s group had left. Shuaibe's acquaintances were able to detain A.P. until the police

---

[1] All dates referenced hereafter are in the year 2012.

2

arrived.  Shuaibe sustained bruises to his chin, forehead and back, bleeding on his back and the back of his head, scrapes on his knees and hand, and an injured fingernail.

On November 6, the district attorney filed a wardship petition for A.P. under Welfare and Institutions Code section 602, subdivision (a), alleging A.P. committed assault by means of force likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4).[2]  Shuaibe and his acquaintance who helped break up the fight testified at the jurisdictional hearing.  Shuaibe said A.P. struck him twice in the face with his bare fists, which caused Shuaibe to lose his balance, fall to the ground, and sustain bruises and bleeding.  The court viewed 53 color photographs taken at the scene of the incident that captured Shuaibe and A.P.'s injuries  On December 5, the juvenile court found beyond a reasonable doubt that A.P. had committed an assault with force likely to cause great bodily injury.  The court based its finding exclusively on A.P.'s two blows to Shuaibe's face.  On December 19, the court ordered, inter alia, A.P. released to his parents and continued his wardship and probation that stemmed from an unrelated 2011 adjudication for second degree burglary.  This timely appeal followed.

### Discussion

A.P. challenges the court's finding that he committed a felony assault by means of force likely to produce great bodily injury based on the sufficiency of the evidence.  He contends that the juvenile court based its finding explicitly on A.P.'s two bare-fist strikes to Shuaibe's chin and forehead and that there was not enough evidence about either the force of the strikes or the likelihood of injury to sustain such a finding.  We are unpersuaded.

The applicable standard of review requires us to examine whether there is substantial evidence for the trier of fact to have found the elements of the crime beyond a reasonable doubt.  (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319.)  This same standard applies to review of a juvenile adjudication.  (*In re Ryan N.* (2001) 92

---

[2] The petition also alleged A.P. committed felony robbery under Penal Code section 211, for causing Shuaibe to lose his mobile phone, but the court made no findings on the robbery and it is not contested here.

Cal.App.4th 1359, 1371.)  The test is not whether the evidence supports a finding of guilt beyond a reasonable doubt, but rather whether there is substantial evidence upon which the trier of fact could have concluded the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt.  (*People v. Johnson* (1980) 26 Cal.3d 557, 576; *In re Ryan N.*, *supra*, 92 Cal.App.4th at p. 1373.)  Our determination considers the entire record, viewing all evidence in the record in a light favorable to the judgment, and presumes support for the juvenile court's finding.  (*Id.*)  Applying this standard, there is substantial evidence to support the court's finding that A.P.'s striking Shuaibe with only his fists was a use of force likely to produce great bodily injury.

Penal Code section 245, subdivision (a)(4) sets forth the punishment for assault committed upon another person "by any means of force likely to produce great bodily injury."[3] Assault by a means of force likely to produce great bodily injury can be commited entirely by bare hands or closed fists.  (*People v. Tallman* (1945) 27 Cal.2d 209, 212; *People v. Hinshaw* (1924) 194 Cal. 1, 24-25.)  Courts focus on the likelihood the force used could have produced a significant or substantial injury, regardless of the resulting injury's actual severity.  (*People v. Muir* (1966) 244 Cal.App.2d 598, 604.)  However, the resulting injury may be relevant and highly probative to the amount of force exerted by an assailant.  (*Id.*)  In determining the likelihood of great bodily injury caused by an assailant's fists, a trier of fact may consider the force of the fist's impact, how the assailant used his fists, "and the circumstances under which the force was applied." (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 749, citing *People v. Kinman* (1955) 134 Cal.App.2d 419, 422.)

A.P. first argues there was insufficient evidence of the required force by comparing his case to *In re Nirran W.* (1989) 207 Cal.App.3d 1157, which affirmed a juvenile court's finding that a defendant's fist's single blow to the victim's head was force likely to cause great bodily injury.  In that case, the substantial evidence in the

---

[3] Penal Code section 245 was amended in 2011 (Stats. 2011, ch. 183, § 1), but only with technical changes. Therefore, earlier cases interpreting the meaning of "force likely to produce great bodily injury" under the statute remain good law.

record included descriptions of the victim being hit as well as her hospital-treated injuries resulting from what the opinion characterized as the fist's "great force," which also knocked the victim down. (*Id*. at p. 1162.) A.P. argues that, unlike *In re Nirran W.*, the juvenile court failed to consider any evidence about the nature of the force. We are unpersuaded by A.P.'s attempt to contrast the facts of *In re Nirran W.* to this case.

Here, the record contains significant detail about the nature of A.P.'s blows. Shuaibe's testimony described A.P.'s use of his closed fists, where they struck his face, and how the force of the strikes caused him to lose his balance and fall. After using his hands to knock Shuaibe's mobile phone 30 feet away, the teenage A.P. stood at eye level with the larger adult Shuaibe and punched him twice in the face. Indeed, from the description of A.P.'s actions during this violent interaction, the court had ample evidence to make a determination about the nature of A.P.'s punches. The personal and first-hand accounts of Shuaibe being twice struck in the face near his eyes and mouth testified to at trial provide significant indications about the likelihood of great bodily injury.

A.P. draws attention to Shuaibe's "minor bleeding and some bruising" and unpersuasively argues the minimal nature of the injuries do not indicate any likelihood to cause great bodily injury, which would have otherwise been shown by "significant cuts, swelling, or substantial bleeding." However, while evidence of injuries may be considered in assessing the use of force, it is not conclusive because the issue is not whether serious injury actual occurred. (*People v. McDaniel, supra,* 159 Cal.App.4th at p. 748.) Acknowledging that injuries may be probative of amount of force, we decline to embark on a reassessment of questions of fact better suited to the juvenile court. (*People v. Rupert* (1971) 20 Cal.App.3d 961, 968.) Viewed in a light favorable to the judgment, the evidence of injury to sensitive areas near Shuaibe's eyes and mouth supports a conclusion that the force used by A.P. was likely to produce significant injuries.

The record contains substantial evidence to support the juvenile court's determination, beyond a reasonable doubt, that A.P.'s strikes to Shuaibe were with a force likely to produce great bodily injury under Penal Code section 245, subdivision (a)(4). Having reached that conclusion, it is unnecessary for us to consider the alternate

5

theories of criminal liability or allegations of lesser included offenses contested by A.P. and respondent.

## Disposition

The juvenile court's judgment is affirmed.

_____
Siggins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Jenkins, J.