Filed 12/18/14  P. v. Jordan CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>UNDREY PIERRE JORDAN,<br><br>    Defendant and Appellant. | B254530<br><br>(Los Angeles County<br>Super. Ct. No. YA085795) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  David Sotelo, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Undrey Pierre Jordan (defendant) argues that his conviction for assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] must be reduced to a misdemeanor assault conviction because his two punches to his girlfriend's face were not likely to produce great bodily injury, even though they resulted in a laceration warranting five stitches, a swollen-shut eye, and her temporary loss of consciousness. We reject his challenge and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and his girlfriend got into an argument outside of a liquor store that ended when he grabbed her hair and punched her twice in the face with his bare fists. She fled into the liquor store, and within minutes slumped to the ground and lost consciousness. The punches also caused a two-centimeter laceration on her forehead warranting stitches, a second laceration on the inside of her lip, and bruising and swelling, including bruising that swelled one of her eyes shut. The incident was caught on videotape.

The People charged defendant with (1) corporal injury to a cohabitant (§ 273.5, subd. (a)), (2) assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), and (3) battery upon a custodial officer (§ 243.1). The People further alleged that defendant inflicted great bodily injury (§ 12022.7, subd. (e)), and that his prior 2005 conviction for criminal threats (§ 422) qualified as a prior "strike" (§ 1170.12, subds. (a)-(d); § 667, subds. (b)-(i)), as a prior serious felony (§ 667, subd. (a)(1)), and a prison prior (§ 667.5, subd. (b)).

Following trial, a jury convicted defendant of battery against a cohabitant (§ 243, subd. (e)(1)) as a lesser included offense of the corporal injury charge, and assault by means likely to produce great bodily injury, but acquitted him of the battery upon a custodial officer count and found he did not inflict great bodily injury upon his girlfriend. After the jury also found the prior conviction allegations true, the court imposed a five

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

year prison sentence consisting of four years on the assault charge plus an additional year for the prison prior; the court stayed the battery count pursuant to section 654.

Defendant timely appeals.

## DISCUSSION

Defendant argues that the evidence was insufficient to support a rational jury's finding that his two punches were likely to produce great bodily injury. In evaluating this claim, we "'"'"review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" [Citations.]'" (*People v. Lopez* (2013) 56 Cal.4th 1028, 1069.)

Section 245, subdivision (a)(4), makes it a crime to commit an assault "by any means of force likely to produce great bodily injury." (§ 245, subd. (a)(4).) "Great bodily injury" means "bodily injury which is significant or substantial, not insignificant, trivial or moderate." (*People v. McDaniel* (2008) 159 Cal.App.4th 736, 748 (*McDaniel*); *People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066.) "The focus is on the force actually exerted by the defendant" (*McDaniel*, at p. 748), rather than the "amount of force that could have been used" (*ibid.*), or the actual injury incurred (*People v. Parrish* (1985) 170 Cal.App.3d 336, 345 (*Parrish*); *In re Nirran W.* (1989) 207 Cal.App.3d 1157, 1161-1162 (*In re Nirran W.*)). However, the victim's resulting injuries can nevertheless be "'highly probative of the amount of force used.'" (*McDaniel*, at p. 748, quoting *People v. Muir* (1966) 244 Cal.App.2d 598, 604.) An attack made with bare hands can be likely to produce great bodily injury. (E.g., *People v. Tallman* (1945) 27 Cal.2d 209, 212; *People v. Kinman* (1955) 134 Cal.App.2d 419, 422; *In re Nirran W.*, at p. 1161.)

Applying these standards, a rational jury had sufficient evidence from which to find that defendant's assault on his girlfriend was likely to produce great bodily injury. To begin, the jury was able to watch the videotape of the assault and could assess for itself the amount of force defendant used. Moreover, the injuries sustained by

3

defendant's girlfriend spoke to the force he exerted. He applied enough force to cause cuts warranting stitches, to swell shut one of her eyes, and to render her unconscious. (Accord, *In re Nirran W.*, *supra*, 207 Cal.App.3d at p. 1162 [single punch to the head popping victim's jaw out, causing her to fall to the ground, and necessitating brief hospital stay; sufficient force to produce great bodily injury].)

Defendant levels three categories of attacks at the sufficiency of the evidence. Citing medical expert testimony, he first contends that (1) his blows did not cause any of the more severe injuries that punches to the head can sometimes cause (such as skull fractures or brain damage), and (2) a loss of consciousness is only a "possible" consequence of a punch to the face. However, the jury was free to look at the injuries defendant's girlfriend *did* suffer, and to evaluate the force he used in light of those injuries. Indeed, the possibility that worse injuries could have flowed from such punches only provides additional support for the jury's conclusion that the force defendant used was likely to produce great bodily injury.

Defendant next argues that the evidence was otherwise insufficient. He urges that the jury should have credited (1) his girlfriend's trial testimony, in which she recanted her prior report of the attack and said she faked her loss of consciousness, and (2) his expert's testimony that a delayed bout of unconsciousness (as occurred here) is unusual. However, we are not free to credit this testimony over the testimony regarding the girlfriend's initial report of unconsciousness and the other evidence of her injuries, and may not ignore the 239 telephone prison calls from defendant to his girlfriend discussing her anticipated testimony. Defendant further asserts that *In re Nirran W.* is distinguishable because the jaw injury in that case was longer lasting. This granular comparison of injuries is unhelpful, particularly because the injuries in this case (unlike *In re Nirran W.*) resulted in a loss of consciousness and injuries warranting stitches. What matters is the overall severity of the force used to inflict the injuries, and that overall severity was comparable in both cases. Defendant seeks to align his girlfriend's injuries in this case with injuries inflicted in other cases, but each case he cites is

4

distinguishable.  (See *People v. Duke* (1985) 174 Cal.App.3d 296, 303 [headlock that did not cut off breathing and resulted in a laceration to one earlobe; insufficient evidence of force likely to produce great bodily injury]; *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1087-1088 [strikes to arm and shoulders with a broomstick of unknown weight or composition caused bruising; insufficient evidence to qualify as use of a "deadly weapon"]; *In re Brandon T.* (2011) 191 Cal.App.4th 1491, 1497 [rubbing a dull butter knife across neck that did not break the skin and resulted in a "small scratch"; insufficient evidence of force likely to produce great bodily injury].)

Defendant lastly argues that the jury's finding that he did not inflict great bodily injury weighs against the conclusion that a jury could rationally find that he used force capable of doing so.  We disagree.  The great bodily injury enhancement measures the actual consequences of a defendant's action; the assault conviction turns on the *likely* consequences.  They are not the same.  (Accord, *Parrish*, *supra*, 170 Cal.App.3d at p. 345.)  More to the point, the evidence in this case was sufficient for a rational jury to find that defendant's punches to his girlfriend's face were done with force likely to cause great bodily injury for the reasons described above.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.

HOFFSTADT

We concur:

_____, P. J.

BOREN

_____, J.

ASHMANN-GERST

5