Filed 5/1/13  P. v. Elemen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL ROBERT ELEMEN,<br><br>    Defendant and Appellant. | H038216<br>(Santa Clara County<br>Super. Ct. No. C1100777) |

In this appeal, Daniel Elemen (appellant) challenges the trial court's finding that his juvenile adjudication for assault with a deadly weapon qualified as a strike within the meaning of the "Three Strikes" law (Pen. Code, §§ 1170.12, 667, subds. (b)-(i)). Appellant argues that the finding is not supported by substantial evidence.  For reasons that follow, we find this issue to be moot.

*Background*

On July 21, 2011 the Santa Clara County District Attorney filed an information in which appellant was charged with first degree residential burglary (§§ 459, 460, subd. (a).).[1]  The information contained two allegations; one, that a person, not an accomplice was present in the residence during the commission of the burglary and two, that appellant had a prior strike conviction based on a prior juvenile adjudication (Welf. & Inst. Code, § 602) for assault with a deadly weapon (§ 245, subd. (a)(1)).

---

[1]    All unspecified section references are to the Penal Code.

On September 6, 2011, appellant pleaded no contest to the first degree burglary charge, admitted the allegation that a person was present other than an accomplice at the time of the burglary, and admitted that he had suffered a prior juvenile adjudication. However, he reserved the right to challenge that the juvenile adjudication was a strike. The court told appellant that he would receive no more than four years in state prison.[2]

Following appellant's no contest plea, the court found that appellant's juvenile adjudication for assault with a deadly weapon was a strike; the court relied on this court's opinion in *In re Pedro C.* (1989) 215 Cal.App.3d 174.[3]

Thereafter, appellant filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, asking the court to exercise its discretion under section

---

[2]     The record is ambiguous as to whether this was a plea agreement or the court was giving an indicated sentence. As charged, the maximum sentence for appellant's offense was 12 years in state prison, or if a *Romero* motion was granted, six years, which would indicate that the prosecution had agreed to a reduction in appellant's sentence. On the other hand, the court told appellant "the agreement with the Court is that you will receive no more than four years in the state prison." However, later the court told appellant that at the time of judgment if the sentencing judge withdrew his or her "approval of this agreement" he would be permitted to withdraw his plea.

[3]     In *In re Pedro C.*, *supra*, 215 Cal.App.3d 174, the minor admitted committing a violation of former section 245, subdivision (b), which proscribed the commission of "an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or fire[fighter] engaged in the performance of his or her duties . . . ." Specifically, the offense admitted was " 'an assault with a deadly weapon or instrument, to wit:  motor vehicle upon . . . . a peace officer . . . .' " (*Id.* at p. 182.) This court held that "[Welfare and Institutions Code] section 707(b)(14) embraces violations of Penal Code section 245, subdivision (b)[,] which are charged as assaults with deadly weapons or instruments, rather than as assaults by means likely to produce great bodily injury." (*Ibid.*) We noted that section 707(b) lists "serious felonies," and reasoned, "Given this statutory scheme, for this court to determine that assault with a deadly weapon is not a section 707, subdivision (b) offense would be to elevate form over substance. [Citation.]  ' "A deadly weapon is one likely to produce death or great bodily injury." '  [Citations.]  Necessarily, then, assault with a deadly weapon includes assault by means likely to produce great bodily injury. . . . [T]herefore . . . appellant's Penal Code section 245, subdivision (b) offense falls within the purview of section 707, subdivision (b). . . ." (*Id.* at pp. 182-183.)

2

1385 and strike the prior strike in the interests of justice. At the sentencing hearing held on March 6, 2012, the court granted appellant's motion, struck the prior strike and sentenced appellant to the low term of two years.

Subsequently, appellant filed a timely notice of appeal. The notice of appeal indicates that appellant is appealing from the sentence or other matters occurring after the entry of plea.

As noted, on appeal appellant challenges the trial court's finding that his prior juvenile adjudication is a strike. Respondent points out that this issue is moot because the trial court struck the strike before sentence was imposed and did not rely on it in sentencing appellant to the mitigated term of two years in prison. Accordingly, respondent argues, even if this court granted the relief requested by appellant (a finding that his juvenile adjudication was not a strike), it would not alter the already nonexistent effect that the strike allegation has upon appellant's prison term.

We agree with respondent. We need not address this issue because appellate courts do not review questions that are moot and of only academic importance. (*People v. Hamilton* (1968) 258 Cal.App.2d 511, 515.) We will "not undertake to determine abstract questions of law at the request of a party who shows no substantial rights can be affected by the decision either way. [Citations.]" (*Keefer v. Keefer* (1939) 31 Cal.App.2d 335, 337.) Generally, a reviewing court will dismiss a case in which the issues are moot. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.)

Nothing that we decide one way or the other can have any influence on appellant's sentence. We reject appellant's suggestion that if we were to find that the juvenile adjudication was not a strike the court might be inclined to grant him probation on remand. This is highly speculative and unlikely given that appellant was convicted of burglary of an inhabited dwelling house, which provides "[e]xcept in unusual cases . . . probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house." (§ 462, subd. (a).) After dismissing appellant's strike, the

3

court could have placed appellant on probation after making such a finding but chose not so to do. In fact, in sentencing appellant the court specifically made a finding that this was not an unusual case. After considering "the criteria set out in the rules of court,"[4] which the court should consider in determining whether the statutory limitation on probation had been overcome, the court found that appellant did not fall within any of the criteria. Further, the court stated that "there were none that [the court] was able to substitute as justifiable reasons." That being so, again, assuming for the sake of argument that we were to agree with appellant that his prior juvenile adjudication was not a strike, to send this case back to the trial court would be an idle act. " ' "[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which

---

[4] California Rules of Court, rule 4.413 (b) provides, that "If the defendant comes under a statutory provision prohibiting probation 'except in unusual cases where the interests of justice would best be served' . . . the court should apply the criteria in (c) to evaluate whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation." In turn, rule 4.413 (c) provides that "The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate: [¶] (1) *Facts relating to basis for limitation on probation* [¶] A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including: [¶] (A) The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and [¶] (B) The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense. [¶] (2) *Facts limiting defendant's culpability* [¶] A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including: [¶] (A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence; [¶] (B) The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and [¶] (C) The defendant is youthful or aged, and has no significant record of prior criminal offenses."

4

can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.]" (*Eye Dog Foundation v. State Bd. of Guide Dogs for Blind* (1967) 67 Cal.2d 536, 541.)

Finally, we point out that there are no adverse consequences to appellant by this decision. If appellant is ever charged with another crime, the prosecution will again have to plead and prove that his prior juvenile adjudication is a strike. (§ 667, subd. (c).)

*Disposition*

The judgment is affirmed.

_____
ELIA, J.

WE CONCUR:

_____
RUSHING, P.J.

_____
PREMO, J.

5