Filed 12/15/15  P. v. Resendiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JESUS RESENDIZ,<br><br>  Defendant and Appellant. | H040803<br>(Santa Clara County<br>Super. Ct. No. C1366111) |

Defendant Jesus Resendiz pleaded nolo contendere to a count of attempted grand theft of a person (Pen. Code, §§ 664, 487).[1]  A separate trial was held on defendant's alleged prior strike, a juvenile adjudication for "Assault by Force Likely to Cause Great Bodily Injury or by a Deadly Weapon" in violation of section 245, subdivision (a)(1).  The court found that defendant's juvenile adjudication qualified as a strike but exercised its discretion to dismiss the prior strike under section 1385.  The court then suspended imposition of sentence and placed defendant on three years' probation, subject to various terms and conditions including that he spend one year in county jail.  Defendant appealed, arguing that the court erred when it found his prior juvenile adjudication qualified as a strike.  However, since the court struck the prior strike under section 1385, we find that the issue raised is moot.

---

[1] Unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant's underlying offense is not relevant to the arguments he has raised on appeal, which pertain only to his prior juvenile adjudication. We therefore only provide a brief summary of the procedural history of the case.

On September 24, 2013, the district attorney filed a complaint charging defendant with attempted second degree robbery (§§ 664, 211, 212.5). It was further alleged that he had suffered a prior strike under sections 667, subdivisions (b) through (i) and 1170.12, which was a juvenile adjudication for assault by force likely to cause great bodily injury or by a deadly weapon in violation of section 245, subdivision (a)(1).

On December 20, 2013, defendant pleaded nolo contendere to attempted grand theft of a person (§§ 664, 487, subd. (c)) and the alleged strike prior. On February 10, 2014, defendant withdrew his admission of the alleged prior strike.

The following month, a trial was held on the prior strike. The court found that defendant's juvenile adjudication qualified as a strike but exercised its discretion to strike the prior strike under section 1385. The court suspended imposition of sentence and placed defendant on three years' probation subject to various terms and conditions, including that he spend one year in county jail. Defendant appealed.

## DISCUSSION

On appeal, defendant argues that the court erred when it concluded that his prior juvenile adjudication for assault with force likely to cause great bodily injury or by a deadly weapon qualifies as a strike under the law. He argues insufficient evidence supports the court's finding, because the record reflects he was only adjudicated of assault with a deadly weapon, not of assault by force likely to cause great bodily injury.

Nonetheless, defendant himself acknowledges that the trial court exercised its discretion to dismiss the prior strike under section 1385. The trial court suspended imposition of sentence and placed defendant on three years' formal probation.

2

Appellate courts do not review issues that are moot and of only academic importance. (*People v. Hamilton* (1968) 258 Cal.App.2d 511, 515.) Assuming that we find defendant's claims have merit and the court improperly found that his prior juvenile adjudication was a strike, remanding the matter back to the trial court would have no effect and would be an idle act.

Further, defendant would suffer no ill consequences. If defendant is ever charged with another crime, the prosecution will again have to plead and prove that his prior juvenile adjudication was a strike. (§ 667, subd. (c).)

" ' "[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board* (1967) 67 Cal.2d 536, 541.) Simply put, the issue raised by defendant in this appeal is moot.

Defendant argues that this court should address his moot claim, because it presents a question of general public interest and is likely to recur. (*In re Stinnette* (1979) 94 Cal.App.3d 800, 804.) We do not find that defendant makes a convincing case.

Defendant's argument is premised on his assumption that it is likely that there are other individuals who have been adjudicated as juveniles for assault with a deadly weapon that will be subject to a strike based on the rationale set forth in *In re Pedro C.* (1989) 215 Cal.App.3d 174 (*Pedro C.*).[2] He argues that the trial court misapplied

---

[2] In *Pedro C.*, a minor appealed from the juvenile court's order finding that his adjudication for assault with a deadly weapon was an offense under Welfare and Institutions Code section 707, subdivision (b). Welfare and Institutions Code section 707, subdivision (b) lists offenses including assault with force likely to produce great bodily injury. However, it does not list the offense of assault with a deadly weapon. After consideration, this court concluded that since " ' "[a] deadly weapon is one likely to (continued)

3

*Pedro C.* and that *Pedro C.* should be disapproved. However, accepting defendant's argument would mean that any subject in criminal law would be one of continuing public interest, since there exists the possibility that there are multiple defendants within the state that have the same, or similar, appellate issue. Defendant's unsupported claim that this issue is one of public interest does not convince us that issuing an advisory opinion is justifiable given the circumstances. Neither is the trial court's assertion that guidance from the appellate courts on this issue would be helpful.

This is because a determination of whether defendant's juvenile adjudication qualifies as a prior strike is fact specific and requires an individualized analysis. In order for a prior juvenile adjudication to qualify as a strike, it must satisfy four factors: (1) the juvenile was at least 16 years of age at the time he or she committed the offense, (2) the prior offense is listed in Welfare and Institutions Code section 707, subdivision (b) or described in section 667, subdivisions (d)(1) or (d)(2), (3) the juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law, and (4) the juvenile was adjudged a ward of the court within the meaning of Welfare and Institutions Code section 602 because the person committed an offense listed under Welfare and Institutions Code section 707, subdivision (b). (§ 667, subd. (d)(3); *People v. Garcia* (1999) 21 Cal.4th 1, 4-5.) When determining whether the prior juvenile adjudication qualifies as an offense under the second requirement described above, a trial

produce death or great bodily injury," ' " it necessarily followed that "assault with a deadly weapon includes assault by means likely to produce great bodily injury." (*Pedro C.*, *supra*, 215 Cal.App.3d at p. 182.) Therefore, we held that the juvenile court did not err when it found the minor's offense to be within the purview of Welfare and Institutions Code section 707, subdivision (b). (*Pedro C.*, *supra*, at pp. 182-183.)

Notably, *Pedro C.* was not a case where a juvenile adjudication was found to be a strike. As described above, *Pedro C.* was an appeal arising after a juvenile court found the minor's conduct constituted a Welfare and Institutions Code section 707, subdivision (b) offense.

court may look beyond the bare juvenile adjudication to determine if the defendant's conduct constituted a Welfare and Institutions Code section 707, subdivision (b) offense. (*In re Jensen* (2001) 92 Cal.App.4th 262, 268.)  However, when determining whether the prior adjudication qualifies under the fourth requirement described above, a trial court is limited to only considering the bare juvenile adjudication.  (*Ibid*.)

Here, the circumstances of defendant's juvenile adjudication were unique to him. This is true of most cases involving prior juvenile adjudications that may qualify as a strike.  Accordingly, determining whether defendant's prior juvenile adjudication satisfies the four requirements set forth under section 667, subdivision (d)(3) would require a specific analysis of the circumstances surrounding his juvenile adjudication and consideration of the bare juvenile adjudication itself.  For these reasons, a decision in this case would likely be limited to the facts pertinent here and would have little value to others.

Lastly, this issue is not one that will likely evade normal appellate review.  Had the trial court decided not to strike defendant's prior strike conviction, we would have considered his arguments on appeal.  For these reasons, we see no reason for us to exercise our discretion to consider the moot issue raised by defendant.

**DISPOSITION**

The judgment is affirmed.

5

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.